**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| TRUSTEES OF INTERNATIONAL UNION OF PAINTERS AND ALLIED TRADES DISTRICT COUNCIL 711 HEALTH & WELFARE FUND; et. al., | No. 1:20-cv-07262-NLH-AMD |
| Plaintiffs, | **OPINION** |
| v. | |
| CAPE SIGN SERVICE, INC., | |
| Defendant. | |

**APPEARANCES**:

STEVEN J. BUSHINSKY
W. DANIEL FEEHAN, III
O'BRIEN BELLAND & BUSHINSKY, LLC
509 S. Lenola Road
Building 6
Moorestown, NJ 08057

*On behalf of Plaintiffs.*

**HILLMAN, District Judge**

This matter comes before the Court on Plaintiffs', Trustees of the International Union of Painters and Allied Trades District Council 711 Health and Welfare Fund, Trustees of International Union of Painters and Allied Trades District Council 711 Vacation Fund Board of Trustees Trustees of Painters District Council 711 Finishing Trades Institute (together, the "Trustees"), International Union of Painters and Allied Trades District Council 711's (the "Union") (all together,

"Plaintiffs") motion for default judgment, filed pursuant to Fed. R. Civ. P. 55(b)(2).  For the reasons expressed below, Plaintiffs' motion will be granted.

## BACKGROUND

The Trustees are the employer and employee trustees of labor management trust funds organized and operated pursuant to a Trust Agreement and Collective Bargaining Agreements in accordance with section 302(c)(5) of the Labor Management Relations Act ("LMRA"), 29 U.S.C. §186(c)(5) (the "Funds"). (ECF 1 at 3-4).  The Trustees represent employee benefit plans as well as multi-employer benefit funds established and maintained pursuant to sections 3(3) and 3(37) of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1002(3), (37), which provide benefits to eligible participants.  (Id.) The Union is a labor organization within the meaning of Section 301 of the LMRA and Section 3(4) of ERISA, 29 U.S.C. § 1002(4), and represents employees in an industry affecting commerce. (Id. at 5).

Pursuant to a collective bargaining agreement with the Union, Defendant, Cape Sign Service, Inc.("Defendant"), was required to make timely contributions to the Funds on behalf of eligible beneficiary employees.  (Id. at 5-6).)  Plaintiffs allege that from January 1, 2012 through December 31, 2016

Defendant failed to make required payments, resulting in $16,715.96 of delinquent contributions. (Id. at 6; ECF 7-1 at 4). Including interest and liquidated damages, Defendant owed a total of $22,123.29 to the Funds. (ECF 7-1 at 4). To resolve the amount owed, the parties prepared a settlement agreement under which Defendant was to pay the outstanding amounts due. (Id.) Defendant never actually executed the settlement agreement but remitted funds totaling $1,650. (Id.) After that, Defendant failed to make any more payments. (Id.) According to Plaintiffs, Defendant now owes the funds, $21,333.77 including interest. (Id. at 5).

On June 15, 2020, Plaintiffs filed a Complaint against Defendant, alleging failure to remit contributions due under the collective bargaining agreement in violation of section 515 of ERISA, 29 U.S.C. § 1145, (ECF 1 at 6), and failure to remit dues check-offs. (Id. at 8). On July 23, 2020, Plaintiffs filed an executed Summons and Complaint, showing that Defendant was served on July 20, 2020. (ECF 5). Defendant has not responded to the Complaint.

On December 14, 2020, Plaintiffs filed a request for default, (ECF No. 6), which the Clerk entered on that same day. On April 28, 2021, Plaintiffs filed the presently pending motion for default judgment. (ECF 7). Plaintiffs' motion seeks an award of $21,333.77 plus attorney's fees and costs, in the

3

amount of $4,545.60, for a total of $25,879.37 (Id. 6). Defendant has not responded to this motion or made any appearance.

## DISCUSSION

### I. Subject Matter Jurisdiction

The Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331.

### II. Legal Standard for Motion for Default Judgment

Pursuant to Federal Rule of Civil Procedure 55(b)(2), courts may enter a default judgment against a properly served defendant who fails to plead or otherwise defend an action. Chanel v. Gordashevsky, 558 F. Supp. 2d 532, 535 (D.N.J. 2008) (citing Anchorage Assocs. v. V.I. Bd. of Tax Rev., 922 F.2d 168, 177 n.9 (3d Cir. 1990)).  The decision to enter a default judgement is left to the discretion of the district courts; however, the Third Circuit has stated its "preference that cases be disposed of on the merits whenever practicable." Hritz v. Woma Corp., 732 F.2d 1178, 1180-81 (3d Cir. 1984).

In assessing a motion for default judgment, courts should accept as true all well-pleaded factual allegations — other than those regarding damages — but should not accept a plaintiff's legal conclusions.  Dempsey v. Pistol Pete's Beef N Beer, LLC, No. 08-5454, 2009 WL 3584597, at *3 (D.N.J. Oct. 26, 2009). Three factors guide whether a default judgement should be

4

granted: (1) prejudice to the plaintiff if the default is denied, (2) whether the defendant appears to have a litigable defense, and (3) whether the defendant's delay is due to culpable conduct. Chaberlain v. Giampapa, 210 F.3d 154, 164 (3d Cir. 2000). However, before determining whether a plaintiff is entitled to default judgment, courts must first review whether: (1) there is sufficient proof of service, Gold Kist, Inc. v. Laurinburg Oil Co., 756 F.2d 14, 19 (3d Cir. 1985), and (2) the complaint demonstrates a valid cause of action. Richardson v. Cascade Skating Rink, No. 19-08935, 2020 WL 7383188, at *2 (D.N.J. Dec. 16, 2020).

**III. Analysis**

In this case, all relevant criteria weigh in favor of granting Plaintiffs' motion for default judgment. First, as noted above, before a court can enter default judgment against a defendant, it must find that process was properly served on the defendant. Gold Kist, 756 F.2d at 19. Defendant is a corporation, which "must be served by 'delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process.'" Ramos v. Dermotology Grp., No. CV1917404ESESK, 2021 WL 4260839, at *2 (D.N.J. Sept. 20, 2021)(quoting Fed. R. Civ. P. 4(h)(1)(B)). Stephen Armstrong, the president of Defendant, was personally served on

5

July 20, 2020. (ECF No. 5). Process was thus properly effectuated.

The Court next holds that the Complaint states a valid cause of action. Plaintiffs assert that Defendant violated section 515 of ERISA, 29 U.S.C. § 1145, when it failed to remit contributions as required by the collective bargaining agreement, (ECF 1 at 5-7), and that it also failed to pay dues check-offs. (Id. at 8). Section 1145 of ERISA "requires an employer to contribute to a multiemployer benefit plan in accordance with the 'terms and conditions' set forth in the collective bargaining agreement." Cent. Pa. Teamsters Pension Fund v. McCormick Dray Line, Inc., 85 F.3d 1098, 1111 (3d Cir. 1996) (quoting 29 U.S.C. § 1145) (Aldisert, J. dissenting). Plaintiffs here have sufficiently pled that Defendant entered into a collective bargaining agreement with the Union, that it failed to remit contributions for the period of January 1, 2012 through December 31, 2016, and that it failed to pay dues check-offs for that same period. (ECF 1). Assuming the Complaint's allegations to be true, the Court holds that Plaintiffs have stated a legitimate cause of action.

The Court next turns to the three factors for assessing whether default judgment should be entered. With respect to the first factor, "[b]ecause delinquent contributions can negatively impact the Plaintiffs' ability to pay their beneficiaries []

6

Plaintiffs would be prejudiced if default judgment was not entered in their favor." Int'l Union of Painters and Allied Trades Dist. Council 711 Health & Welfare, Vacation, and Apprentice Funds v. Integrity Constr., 2007 WL 777592, at *2 (D.N.J. Mar. 9, 2007). Plaintiffs also "have been unable to move forward with their claims" during the twelve months that Defendant has failed to respond, representing further prejudice. Trustees of Int'l Union of Painters and Allied Trades District Council 711 Health & Welfare Fund v. Danco Painting, LLC, 2021 WL 3674353, at *3 (D.N.J. Aug. 19, 2021).

Second, the Court holds that Defendant has failed to put forward any meritorious defenses which would caution against default judgment. A "meritorious defense" is a defense which, if established at trial, would completely bar a plaintiff's recovery. Foy v. Dicks, 146 F.R.D. 113, 116 (E.D. Pa. 1993). "Because Defendant did not respond, the Court cannot determine whether Defendant had any meritorious defenses." Teamsters Health & Welfare Fund of Philadelphia and Vicinity v. Dubin Paper Co., 2012 WL 3018062, at *4 (D.N.J. July 24, 2012).

Third, the Court holds that Defendant's failure to respond demonstrates culpability in its default. See Slover v. Live Universe, Inc., 2009 WL 606133, at *2 (D.N.J. Mar. 9, 2009) (A defendant is "presumed culpable where it has failed to answer, move, or otherwise respond.")

7

Since all three factors weigh against Defendant, the Court holds that Plaintiffs are entitled to default judgment.

**A. Damages**

Having determined that Plaintiffs will be granted default judgment, the Court must next assess damages. On a motion for default judgment, allegations pertaining to damages are not assumed to be true. Comdyne I, Inc. v. Corbin, 908 F.2d 1142, 1149 (3d Cir. 1990). As such, a district court "may conduct such hearing or order such references as it deems necessary and proper" in order "to determine the amount of damages." Fed. R. Civ. P. 55(b)(2). However, if the damages are for a "sum certain or for a sum which can by computation be made certain," further evidentiary inquiry is not necessary. Fed. R. Civ. P. 55(b)(1); Comdyne I, 908 F.2d at 1149.

Here, Plaintiffs have proffered enough information for the Court to determine the appropriate amount of damages. Plaintiffs seek a total award of $25,879.37, which includes $21,333.77 in unpaid contributions, interest, and liquidated damages, as well as $4,545.60 in attorney's fees and costs. (ECF 7-1 at 6). These types of damages are appropriate in an action for violation of 29 U.S.C. § 1145. See 29 U.S.C. § 1132(g)(2). The Court has reviewed the supporting materials that Plaintiffs have attached with their motion for default judgment, (see ECF 7-2), and finds that its calculations are

8

accurate.  Therefore, the Court will award Plaintiffs $21,333.77 in unpaid contributions, interest, and liquidated damages.

Finally, Plaintiffs also seek their reasonable attorney's fees and costs. Pursuant to 29 U.S.C. § 1132(g)(2)(D), the Court shall award attorney's fees and costs for actions brought to enforce 29 U.S.C. § 1145 of ERISA.  The starting point for a court's determination of reasonable attorney's fees is the lodestar calculation, which is the reasonable number of hours expended on the litigation multiplied by a reasonable hourly rate.  United Auto. Workers Local 259 Soc. Sec. Dept. v. Metro Auto Ctr., 501 F.3d 283, 290 (3d Cir. 2007).  Requests for fees must also be accompanied by "fairly definite information" as to how hours were devoted. Id. at 291 (quoting Evans v. Port Auth., 273 F.3d 346, 361 (3d Cir. 2001)).

Plaintiffs assert that attorney's fees and costs totaled $4,545.60.  (ECF 7-1 at 6).  Plaintiffs had one attorney and two paralegals working on this case for a reasonable amount of hours,[1] billing at $175 per hour and $70 per hour, respectively. (ECF 7-2 at 57).  While Plaintiffs do not provide backup supporting the proposition that their hourly rate is reasonable, the Court finds that it does not exceed market rates in the

---

[1] The Court finds that the amount of hours was reasonable based on its review of the amount of time devoted to itemized activities in the bill from Plaintiffs' counsel. (See ECF 7-2 at 57-71).

9

region. See Connor v. Sedgwick Claims Mgmt. Servs., Inc., 2012 WL 608483, at *5 (D.N.J. Feb. 23, 2012) (finding an hourly rate of $250 to be reasonable in the southern New Jersey area).[2] Ultimately, the Court finds that these hours and fees are reasonable, see Teamsters Health & Welfare Fund, 2012 WL 3018062, at *5; see also Trustees of Int'l Union of Painters, 2021 WL 3674353, at *5, and were sufficiently described for the Court to evaluate them. (See ECF 7-2 at 57-71). The Court finds, based on the support that Plaintiffs provided, that an award of attorney's fees and costs in the amount of $4,545.60 is appropriate.

**IV.  Conclusion**

For the foregoing reasons, the Court shall grant Plaintiffs' motion for default judgment and award a default judgment of $25,879.37. This amount includes $21,333.77 in unpaid benefit fund contributions, interest, liquidated damages,

---

[2] The Court also finds instructive the rate schedule set forth by Community Legal Services of Philadelphia ("CLS"), which this Court has looked to for guidance in the past. Attorney Fees, CLS, https://clsphila.org/about-community-legal-services/attorney-fees/ (last visited Nov. 8, 2021) (setting attorney's fees for an attorney with 2-5 years of experience, which appears to be at least the experience that Plaintiffs' lawyers had, between $230 and $275 per hour); see Bilazzo v. Portfolio Recovery Assocs., LLC, 876 F. Supp. 2d 452, 470 (D.N.J. 2012) (holding that the CLS was a helpful metric in setting fee rates).

10

and $4,545.60 in in attorney's fees and costs.  An accompanying Order will follow.

```
Date:  November 29, 2021           /s Noel L. Hillman
At Camden, New Jersey              NOEL L. HILLMAN, U.S.D.J.
```